IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JENNIFER MURPHY MILLINGTON, :
a/k/a Little Crow, :
　　　　　　　　　　　　　　　　　　　　:
　　　　　Plaintiff, :
　　　　　　　　　　　　　　　　　　　　:
　　v. 　　　　　　　　　　　　　　　　: Civ. No. 14-929-LPS
　　　　　　　　　　　　　　　　　　　　:
GEICO, et al., :
　　　　　　　　　　　　　　　　　　　　:
　　　　　Defendants. :

Jennifer Murphy Millington, Seaford, Delaware, Pro Se Plaintiff.

William Robert Stewart, III, Esquire, The Law Office of Dawn L. Becker, Wilmington, Delaware.
Counsel for Defendants.

**MEMORANDUM OPINION**

September 1, 2015
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Jennifer Murphy Millington ("Millington") filed this action on July 15, 2014. She proceeds *pro se* and was granted *in forma pauperis* status. Millington raises claims for injuries sustained as a result of a motor vehicle accident. The Court has jurisdiction by reason of the diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332.[1] Presently before the Court are Defendants' motion to dismiss (D.I. 11) and Millington's motion for reconsideration (D.I. 16).

## II. BACKGROUND

The Complaint alleges that Millington was involved in a motor vehicle accident on June 27, 2014, when her vehicle was struck in the rear by a vehicle operated by Defendant Pamela Anthony ("Anthony"). Millington alleges that Anthony received a traffic citation as a result of the accident. Millington was injured and seeks compensatory damages.

Anthony and Defendant GEICO ("GEICO")[2] (together "Defendants") move to dismiss pursuant to Fed. R. Civ. P. 8(a), 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6). (D.I. 11) Millington sought, and was granted, an extension of time to respond to the motion. (D.I. 12, 15) She was given until August 25, 2015 to file a responsive brief. (D.I. 15) In the same order, the Court denied without prejudice to renew, Millington's request for counsel. Millington did not file a response to

---

[1] Defendants contend that this Court does not have diversity jurisdiction because Millington and Anthony were both residents of New Jersey at the time of the motor vehicle accident. Jurisdiction by reason of diversity is determined by examining the facts as they exist when the complaint is filed, not on the date of the occurrence at issue. *See Onyiuke v. Cheap Tickets, Inc.*, 437 F. App'x 137, 139 (3d Cir. July 5, 2011). The Complaint indicates that Millington was a resident of Delaware on the date that she initiated this action. (*See* D.I. 2 at 8)

[2] GEICO appears to be the insurer of Anthony.

1

the motion to dismiss. Instead, she filed a motion for reconsideration of the order denying her request for counsel. (D.I. 16)

## III. LEGAL STANDARDS

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted). However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).

The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405,

2

417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996). Because Millington proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

"In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) (internal citations omitted). Although a district court may not generally consider matters extraneous to pleadings when ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), it may consider documents integral to or explicitly relied upon in a complaint without converting the motion to dismiss into a motion for summary judgment. *See West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 97 (3d Cir. 2010); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied-upon document. *See Lum*, 361 F.3d at n.3. Considering such a document is not unfair to a plaintiff because, by relying on the document, the plaintiff is on notice that the document will be considered. (*See id.*)

Here, Millington specifically refers to GEICO Claim No. 0330446440101 in the Complaint. Accordingly, the Court may take into consideration the police report and other documents provided by Defendants that reference Claim No. 0330446440101, attached to the motion to dismiss, without converting Defendants' motion to dismiss into one for summary judgment. *See Shaffer v. City of Pittsburgh*, 2015 WL 4878497, at *5 (W.D. Pa. Aug. 14, 2015). The authenticity of those documents is undisputed.

3

## IV. DISCUSSION

Because Millington's claims are time-barred, the Court finds dismissal appropriate pursuant to Rule 12(b)(6). The Complaint alleges that the motor vehicle accident at issue took place on June 27, 2014, but does not indicate where it occurred. The Complaint refers to GEICO Claim No. 0330446440101 and, as discussed above, the Court may consider the GEICO claim documents provided by Defendants as Millington's claim is explicitly relied upon in the Complaint.

The police report indicates that Millington and Anthony were involved in a motor vehicle accident on June 27, 2012, not June 27, 2014. (*See* D.I. 11 Ex. A) In addition, the police report, prepared by the New Jersey State Police, indicates that the accident took place in New Jersey on State Highway 49. (*See id.*) Further, all GEICO documents for Claim No. 0330446440101 indicate that the collision took place on June 27, 2012, and an authorization signed by Millington indicates that the accident occurred on June 27, 2012. (*See id.* at Exs. B, C, D) Finally, health insurance claim forms for Claim No. 0330446440101 reflect a June 27, 2012 injury date. (*Id.* at ex. E)

In both Delaware and New Jersey, the statute of limitations for a personal injury action is two years. *See* 10 Del. C. § 8119; *Roane v. Delaware Transit Corp.*, 2015 WL 1228627 (D. Del. Mar. 17, 2015); N.J. Stat. Ann. § 2A:14-2; *Vasquez v. Batiste*, 2015 WL 4569706 (D.N.J. July 23, 2015). Millington's claims accrued on June 27, 2012, when she knew or had reason to know of the injury that forms the basis of this action. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994).

Millington's claims accrued on June 27, 2012, yet she did not file her Complaint until July 15, 2014. The claims are time-barred as the Complaint was filed more than two years from June 27, 2012. Therefore, the Court will grant Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

4

## V. CONCLUSION

For the above reasons, the Court will grant Defendants' motion to dismiss (D.I. 11) pursuant to Fed. R. Civ. P. 12(b)(6).[3] The Court finds amendment futile. The Court will deny as moot Millington's motion for reconsideration (D.I. 16) of the denial of her request for counsel.

An appropriate Order will be entered.

---

[3] Because the claims are time-barred, the Court will not address Defendants' other grounds for dismissal, pursuant to Fed. R. Civ. P. 8(a), 12(b)(1), 12(b)(2), and 12(b)(3).