IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JENNIFER MURPHY MILLINGTON, :
a/k/a Little Crow, :
                                         :
        Plaintiff, :
                                         :
        v. : Civ. No. 14-929-LPS
                                         :
GEICO, et al., :
                                         :
        Defendants. :

---

Jennifer Murphy Millington, Seaford, Delaware, Pro Se Plaintiff.

William Robert Stewart, III, Esquire, The Law Office of Dawn L. Becker, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

November 16, 2015
Wilmington, Delaware

/s/ Leo P. S[tark]

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Jennifer Murphy Millington ("Millington") filed this action on July 15, 2014. She proceeds pro se and was granted in forma pauperis status. Millington raises claims for injuries sustained as a result of a motor vehicle accident. On September 1, 2015, the Court granted Defendants' motion to dismiss and denied Plaintiff's motion for reconsideration of her request for counsel. (D.I. 17) Presently before the Court is Plaintiff's motion for/to appeal order (D.I. 19), construed by the court as a motion for reconsideration

## II. LEGAL STANDARDS

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Motions for reconsideration are the "functional equivalent" of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990). A proper Rule 59(e) motion should rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010).

A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where a court "has patently misunderstood a party, or has made a decision outside the

adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." *Id.* at 1241 (citations omitted); *see also* D. Del. LR 7.1.5.

Plaintiff moves for reconsideration. She asks why she was refused appointed counsel given the nature of her illness and health. She contends that Defendants' motion to dismiss was granted without proper notification.[1] Finally, she asks why the Clerk of Court was ordered to close the case when discovery was still in process.

The Court thoroughly reviewed the record and considered the law in granting Defendants' motion to dismiss and denying Plaintiff's motion for reconsideration. The Court finds that Plaintiff has failed to demonstrate any grounds to warrant a reconsideration of the Court's September 1, 2015 Memorandum Opinion and Order. Therefore, the motion (D.I. 19) will be denied.

## III. CONCLUSION

For the above reasons, the Court will deny Plaintiff's motion for reconsideration. (D.I. 19) An appropriate Order follows.

---

[1] The motion to dismiss contains a certificate of service indicating that Plaintiff was provided a service copy at two different address: one in Seaford, Delaware and one in Sewell, New Jersey. (D.I. 11 at 9)

2